# CV 14-6054

FILED
CLERK

°014 OCT 15 PM 4:36

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

JOHN SKEENE,

                          Plaintiff,

          -against-

THE CITY OF NEW YORK, New York City Police
Department Officer P.O. NICHOLAS BEKAS (Shield No.
04530), and "JOHN DOE No. 1" believed to be a member of
the New York City Police Department, in their official and
individual capacities,

                          Defendants.
--------------------------------------------------------------------X

**COMPLAINT AND
DEMAND FOR A JURY TRIAL**

WEINSTEIN, J.

POLLAK, M.J

          Plaintiff JOHN SKEENE, through his attorney, PAMELA S. ROTH of The Law Office

of Pamela S. Roth, Esq. P.C., as and for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1.       This is a civil rights action brought to vindicate Plaintiff, JOHN SKEENE's rights under

the Fourth and Fourteenth Amendments of the United States Constitution, through the Civil

Right Act of 1871, a*s amended,* codified as 42 U.S.C. § 1983, 1985, 1986, and 1988, and along

with a pendent claim of malicious prosecution under the under the laws of the State of New York.

2.       Plaintiff JOHN SKEENE's rights were violated when officers of the NEW YORK CITY

POLICE DEPARTMENT ("NYPD") unconstitutionally and without any legal basis falsely and

wrongfully arrested and caused him to be maliciously prosecuted despite the absence of probable

cause for any of the charged crimes. By reason of defendants' actions, Mr. SKEENE was

deprived of his constitutional rights.

3.       Plaintiff, JOHN SKEENE also seeks an award of compensatory damages, punitive

damages, and attorney's fees to redress the deprivation of his civil rights.

## JURISDICTION

4.      This action is brought pursuant to the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, and Civil Rights Act, 42 U.S.C. §§ 1983 and 1988. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a), and the aforementioned statutory and constitutional provisions.

5.      Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

6.      Venue herein is proper for the United State District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(a), (b), and (c) in that Mr. SKEENE's claims arose in this district.

## NOTICE OF CLAIM

7.      Pursuant to New York State General Municipal Law § 50-E, Plaintiff JOHN SKEENE filed a timely Notice of Claim with the New York City Comptroller on or about April 11, 2012, within 90 days of the events complained of herein. Mr. SKEENE's claims were no adjusted by the New York City Comptroller's Office within the period of time provided by statute. More than 30 days have elapsed since the filing of the Notice of Claim and adjustment or payment thereof has been neglected or refused. This Court therefore has supplemental jurisdiction over Mr. SKEENE's malicious prosecution claim under New York law because it is so related within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

8.    An award of costs and attorney's fees is authorized pursuant to 42 U.S.C. § 1988.

### JURY DEMAND

9.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### PARTIES

10.    At all times relevant hereto, Plaintiff, JOHN SKEENE, is and was at all times relevant to this action a resident of the County of Manhattan in the State of New York.

11.    At all times relevant hereto, Defendant, THE CITY OF NEW YORK ("CITY"), is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such, is responsible for the practices, policies, and customs of its agencies, as well as the hiring, screening, training, supervising, controlling, and disciplining of those persons employed by its agencies. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

12.    Defendant, City, its agents, servants and employee operated, maintained, managed and controlled the Police Department of the City of New York, including all police officers thereof.

13.    Defendant, City, employs police officers through the New York City Police Department and as such is responsible for the practices, policies, and customs of the NYPD.

14.    New York City Police Department Officer ("P.O") NICHOLAS BEKAS (Shield No. 04530) (hereinafter referred to as "BEKAS") and "JOHN DOE No. 1" believed to be a member of the New York City Police Department, are and were at all times relevant herein officers, employees and agents of the NYPD.

15. Defendants P.O. BEKAS and "JOHN DOE No. 1" are being sued in their individual capacities.

16. At all times relevant herein, Defendants P.O. BEKAS and "JOHN DOE No. 1" were acting within the scope of their employment as police officers with the New York City Police Department of the City of New York.

17. At all times relevant herein, Defendants P.O. BEKAS and "JOHN DOE No. 1" were acting under color of state law in the course and scope of their official duties and functions as agents, servants, employees and officers of the NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents, servants and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees, servants and agents of the NYPD.

18. Defendants P.O. BEKAS and "JOHN DOE No. 1" acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of Mr. SKEENE's rights.

19. At all relevant times, Defendants P.O. BEKAS and "JOHN DOE No. 1" were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

20. At all times hereinafter mentioned, Defendant BEKAS, was acting under color of law and authority as a police officer with the Police Department of The City of New York and assigned to the Metropolitan Transit Authority's Jamaica Center / Parsons-Archer Subway station in the County of Queens of the State of New York.

21. At all times hereinafter mentioned, Defendant "JOHN DOE No. 1", was acting under color of law and authority as a police officer with the Police Department of The City of New

York and assigned to the Metropolitan Transit Authority's Jamaica Center / Parsons-Archer Subway station in the County of Queens of the State of New York.

22.     Alternatively, the individual Defendants P.O. BEKAS and "JOHN DOE No. 1" were, at all relevant times, acting outside the scope of their employment.

### STATEMENT OF FACTS

23.     Plaintiff, JOHN SKEENE, is a fifty-five (55) year old unemployed male and currently residing at a homeless shelter for men located at 651 168th Street, New York, New York 10032.

24.     Plaintiff, JOHN SKEENE, suffers from bipolar disorder and is consequently prescribed various medications, which he takes regularly.

25.     As set forth herein, Defendants "JOHN DOE No. 1" and P.O. BEKAS wrongfully and falsely arrested Plaintiff, JOHN SKEENE, on March 19, 2012 at approximately 1:45 p.m. in Metropolitan Transit Authority's Jamaica Center / Parsons-Archer subway station in the County of Queens of the State of New York.

26.     On March 19, 2012, at approximately 1:45 p.m., when Mr. SKEENE arrived on the platform, the J train was sitting stationary on the platform. Plaintiff, JOHN SKEENE, and many other passengers board the train through an open door and walked between the train cars in order to spread out through the stationary train as the train was overcrowded.

27.     Plaintiff, JOHN SKEENE, was en-route to an appointment with his doctor to receive a prescription for his medication when, at the aforesaid time and place, Plaintiff was ordered to exit the train by Defendant P.O. BEKAS, believed to be a member of the New York City Police Department and assigned to the Transit Division, after he observed Plaintiff walk through one train car to another one as passengers were boarding and the J train was stopped at the station and had not departed the station.

28.   Upon exiting the train, Defendant BEKAS demanded identification from Plaintiff.

29.   Plaintiff, JOHN SKEENE, produced a valid New York State Identification Card and handed it to Defendant BEKAS.

30.   Thereafter, Defendant JOHN DOE No. 1, believed to be a member of the New York City Police Department, also appeared on the scene, having been called over the radio by Defendant BEKAS.

31.   Plaintiff obeyed Defendant BEKAS' instructions and waited on the train platform as Defendant JOHN DOE called Plaintiff's name over the radio to check for outstanding warrants.

32.   After approximately 10 minutes, Defendant BEKAS ordered Plaintiff to stand up and surrender his backpack for inspection.

33.   Plaintiff complied with Defendant BEKAS' order and was subsequently searched without a warrant by Defendant JOHN DOE #1.

34.   Defendants BEKAS and JOHN DOE NO. 1 also searched Plaintiff's backpack, which contained: a Sony Vaio laptop computer, a camera, a cell phone, and a PlayStation Portable.

35.   After Plaintiff informed Defendant JOHN DOE No. 1 that he was on parole, Defendants BEKAS and JOHN DOE No. 1 handcuffed and detained Plaintiff, and transported him to a police precinct in Jamaica, Queens along with four fair beaters.

36.   Plaintiff was never informed why he was stopped, detained, and arrested.

37.   Plaintiff SKEENE was a lawful passenger on a J train at the Jamaica Center subway station in Jamaica, Queens when he was falsely arrested, wrongfully arrested, and wrongfully detained without a warrant and imprisoned by members of the New York City Police Department, and deprived of his constitutional, civil, and common law rights by the Defendants, CITY OF NEW YORK, P.O. BEKAS, and P.O. "JOHN DOE" No. 1 (full name unknown at this time)