UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
JOHN SKEENE,

                        Plaintiff,

-against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT P.O. NICHOLAS BEKAS, and
JOHN DOE #1 believed to be a member of the New
York City Police Department, in their official and
individual capacities,

                        Defendants.
-------------------------------------------------------------- x

MEMORANDUM & ORDER

14-cv-6054 (ENV) (CLP)

VITALIANO, D.J.,

On October 15, 2014, John Skeene initiated this action against City of New York ("the City"), Police Officer Nicholas Bekas of the New York City Police Department ("NYPD"), and a John Doe also believed to be an NYPD officer, pursuant to 42 U.S.C. § 1983, for alleged violations of his constitutional rights arising out of his arrest on March 19, 2012. Defendants now move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, defendants' motion is granted in its entirety.

## Background[1]

On March 19, 2012, at approximately 1:45pm, Skeene arrived on the platform of the Metropolitan Transit Authority's Jamaica Center/Parsons-Archer subway station in Queens. Compl. ¶¶ 25-26. A J train was sitting stationary alongside the platform, and was excessively crowded. Id. at ¶ 26. Many passengers, including Skeene, walked between the train cars seeking

---

[1] All facts are taken from the complaint and deemed true solely for purposes of this Order.

1



a car with more room. *Id.*

Officer Bekas observed Skeene walking between train cars and ordered him to exit the train. *Id.* at ¶ 27. Skeene complied. *Id.* at ¶ 28. Bekas then requested identification, which Skeene provided. *Id.* at ¶¶ 28-29. Bekas radioed for support, bringing a John Doe officer to the scene. *Id.* at ¶ 30. Skeene's name was also radioed to communications to check for outstanding warrants. *Id.* at ¶ 31. After about 10 minutes, Doe searched Skeene's backpack, which revealed no weapon or contraband. *Id.* at ¶¶ 32-33. Skeene admitted that he was on parole, at which point the officers arrested him and transported him to the local precinct. *Id.* at ¶ 35. He was held there before being transported to Queens Central Booking. *Id.* at ¶¶ 35, 40-41.

Skeene was detained without access to his medication, causing him, he says, to suffer a panic attack. *Id.* at ¶ 43. The contents of his backpack, present at the time of his arrest, were subsequently lost or destroyed. *Id.* at ¶ 44. Following booking and arraignment, Skeene was released approximately 24 hours after his arrest. *Id.* at ¶ 41. All charges against him were ultimately dismissed. *Id.* at ¶ 42. Skeene alleges that he has suffered mental anguish, humiliation, shame, and other emotional injuries as a result of this encounter with the NYPD. *Id.* at ¶¶ 48-49.

Skeene charges defendants with false arrest; malicious prosecution; failure to intervene; municipal liability; negligent hiring, retention, training, and supervision of employees; and intentional infliction of emotional distress. Defendants argue that Skeene has failed to state a claim, because 1) he concedes that probable cause existed for his arrest; 2) he failed to plausibly allege municipal liability; and 3) his state law claims are untimely.

## Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim

2

showing that the pleader is entitled to relief." A litigant need not supply "detailed factual allegations" in support of his claims, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), but he must provide more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "A pleading that offers 'labels and conclusions' . . . will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557).

To survive a Rule 12(b) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). This "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quotations omitted). On a Rule 12(b)(6) motion, the trial court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008) (quotation omitted). In addition, the district court "may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which [he] relied in bringing the suit." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).

## Discussion

### A. False Arrest

A claim for false arrest requires that (1) the defendant intended to confine the plaintiff;

3

(2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (pointing to New York law, which is "substantially the same" as the elements essential to a § 1983 claim). Where probable cause supports the arrest, it acts as a complete defense. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citing *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)). "Probable cause is established where the arresting officer has 'knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" *Singer*, 63 F.3d at 119 (quoting *O'Neill v. Town of Babylon*, 986 F.2d 646, 650 (2d Cir. 1993)). Probable cause need only support a criminal charge that could have been invoked; it need not support "any charge actually invoked by the arresting officer at the time of arrest." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) (citing *Devenpeck v. Alford*, 543 U.S. 146 (2004)).

In this case, there can be no legitimate dispute that probable cause supported Skeene's arrest—it is pleaded in the complaint. Skeene acknowledges that he was seen walking between subway cars while the train was being held at the station. Compl. ¶¶ 26-27. A person is guilty of violating 21 New York Codes, Rules, and Regulations ("N.Y.C.R.R.") § 1050.9(d) if they "use the end doors of a subway car to pass from one subway car to another except in an emergency or when directed to do so by an authority conductor or a New York City police officer." Violators are subject to criminal prosecution, and may be fined or be sentenced to serve up to ten days in jail. 21 N.Y.C.R.R. § 1050.10(a); *see also United States v. Miles*, 748 F.3d 485, 490 (2d Cir. 2014 (affirming that violation of the ordinance is an arrestable offense). Skeene's counsel agreed in its opposition:

4

> The city ordinance referenced by Defendants ... clearly demonstrates that there was probable cause to stop and arrest Plaintiff Skeene when he was observed passing through one subway car to another through the end door. Plaintiff concedes that Police Officer Nicholas Bekas had probable cause to stop Plaintiff Skeene and had authority to arrest and frisk Skeene....

Plaintiff's Opposition to the Motion to Dismiss, June 18, 2015 ("Pl. Opp.") at 2.

With probable cause for Skeene's arrest firmly established, any false arrest claim ensuing from it must fail.

### B. Malicious Prosecution

To maintain a malicious prosecution claim in New York, the claimant must show: "(1) that the defendant initiated a prosecution against [him], (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the [claimant's] favor." *Posr v. Court Officer Shield # 207*, 180 F.3d 409, 417 (2d Cir. 1999). For a § 1983 claim, a plaintiff must additionally submit evidence that there was a sufficient post-arraignment deprivation of liberty. *Rotherman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000).

As with false arrest, the existence of probable cause is a complete defense to malicious prosecution. *Manganiello v. City of New York*, 612 F.3d 149, 161-62 (2d Cir. 2010). If probable cause exists at the time of the arrest, "it continues to exist at the time of the prosecution unless undermined by the discovery of some intervening fact." *Johnson v. Constantellis*, 221 F. App'x 48, 50 (2d Cir. 2007) (internal quotations omitted).

No such intervening facts are alleged or exist here. Probable cause supported Skeene's arrest, and it supported his prosecution, notwithstanding the ultimate, and favorable, dismissal of charges. Skeene's malicious prosecution claim is likewise dismissed.

C. Failure to Intervene and Municipal Liability

A law enforcement officer "has an affirmative duty to intercede on behalf of a citizen whose constitutional rights are being violated in his presence by other officers." *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988). But there can be no failure to intervene when there is no constitutional violation. *Feinberg v. City of New York*, No. 99-CV-12127, 2004 WL 1824373, at *4 (S.D.N.Y. Aug. 12, 2004). Because no constitutional rights having been violated by Skeene's arrest, this claim on this ground against the officer defendants is dismissed.

With no federal causes of action remaining or available and, in any event, with no allegation of fact implicating any official municipal policy or custom, the cause claiming municipal liability must also be dismissed.

D. State Law Claims

Skeene's federal causes of action having been dismissed, the Court exercises supplemental jurisdiction over his pendent state law claims of negligent hiring, retention, training, and supervision, and intentional infliction of emotional distress. These claims are, on their face, time-barred. New York's statute of limitations on these claims is one year and ninety days. *See* N.Y. Gen. Mun. Law § 50-i(1) (McKinney 2013). Skeene's arrest took place on March 19, 2012. The complaint was not filed until October 15, 2014—nearly two years and seven months later. The state law claims are, too, dismissed.

Conclusion

For the foregoing reasons, defendants' motion to dismiss is granted. The complaint is dismissed in its entirety.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
February 29, 2016

/s/ USDJ VITALIANO
_____
ERIC N. VITALIANO
United States District Judge